18341—Samuel Savin v. The Fourth National Bank; motion for an order directing the Court of Appeals of Hamilton county to certify its record. Pogue, Hoffheimer & Pogue, Cincinnati, for plaintiff; Chas. B. Wilby, Cincinnati, for defendant.

18342—The Altmeyer Realty & Investment Co. v. The Standard Oil Co..; motion for an order directing the Court of Appeals of Hancock county to certify its record. Marion G. Foster, John Sheridan, Findlay, for plaintiff; Niman, Grossman, Buss & Halliday, Cleveland, for defendant.

### January 29

18343—The Cincinnati Traction Co . v. Thomas C. Masters; motion for an order directing the Court of Appeals of Hamilton county to certify its record. Leo J. Brumleve, Jr., Cincinnati, for plaintiff; Simeon M. Johnson, Thos. M. Gregory and Edgar M. Powers, Cincinnati, for defendant.

18344—The American Guaranty Co. v. Thomas McNiece, Ledru R. Campbell, Jacob J. Calvert, John A. Long, American Surety Co. of New York and U. S. Fidelity & Guaranty Co.; motion for an order directing the Court of Appeals of Guernsey County to certify its record. Jas. W. Bell, Cambridge, and Williams, Sinks & Williams, Columbus, for plaintiff; Scott & Scott, Geo. D. Dugan, Milton H. Turner, Jas. Joyce, W. W. Stewart, Cambridge, for defendants.

18345—Bemo Borzykowski v. Max Luft; motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Jos. B. Keenan, Cleveland, for plaintiff.

18346—Frank H. Grime, J. H. Saltsman and D. M. Bader v. Jane Grime, Rubin F. Grime, Pearl Grime, Anna Flegman, Joseph Flegman, India Richmond and Walter Richmond; motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. D. M. Bader and J. H. Saltsman, Cleveland, for plaintiff; Kruger & Pelton, W. R. Winn and R. J. Blum, Cleveland, for defendants.

## WEEKLY REPORT OF
## SUPREME COURT PROCEEDINGS

### NEW CASES DECIDED

Tuesday, January 29, 1924

### GENERAL DOCKET

17887—Stanley Klonowski, d. b. a. Klonowski Savings Bank, v. Franciszek Monczewski; error to the Court of Appeals of Cuyahoga county. Judgment affirmed. Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur..

17895—George Kuhn v. The Cincinnati Traction Co.; error to the Court of Appeals of Hamilton county. Judgment modified and affirmed. Marshall, C. J., Wanamaker, Day and Allen, JJ., concur.

17986—The State, ex rel Jud T. Smith, v. Charles G. Barnell et al; error to the Court of Appeals of Muskingum county. Judgment affirmed. Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur. Marshall, C. J., took no part in the consideration or decision of the case.

### MOTION DOCKET

18037—E. I. Lewis v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Crawford county. Overruled.

18153—Joseph P. Spitzer v. James Ray Stillings, Exr., et al. Motion for an order directing the Court of Appeals of Hardin county to certify its record. Sustained.

18186—Albert B. Ossage et al v. James Foley et al. Motion for an order directing the Court of Appeals of Hamilton County to certify its record.

18236—William H. Sponseller v. Sadie Sponseller. Motion for an order directing the Court of Appeals of Crawford county to certify its record. Sustained.

18237—Howard DeCamp v. The Youngstown Municipal Ry. Co. Motion for an order directing the Court of Appeals of Mahoning county to certify its record. Sustained.

18249—The G. & R. Realty Co. v. Wm. B. Shepard et al. Motion for an order directing the Court of Appeals of Huron county to certify its record. Overruled.

18251—Elizabeth J. Courtright v. Leslie M. Scrimger. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Sustained. See ante, p. 3.

18253—The Star Piano Co. v. Sam Woldman. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. See ante, pp. 4, 71.

18261—Board of Education of the City of Akron v. Proprietors of Akron Rural Cemetery. Motion for an order directing the Court of Appeals of Summit county to certify its record. Sustained.

18275—Regina Norton v. F. W. Norton. Motion for an order directing the Court of Appeals of Lorain county to certify its record. Sustained.

18276—Mike Sipcick v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Harrison county. Overruled.

## SYLLABI of CASES
## DECIDED LAST WEEK

No. 17887—Stanley Klonowski, etc., v. Franciszek Monczewski. Error to the Court of Appeals of Cuyahoga County.

297. CONTRACTS—A receipt which embodies a new obligation and purports to set out how the money received is to be used, held to be a written contract though signed by one party only, and his custody thereof tends to establish assent to its terms—Where plaintiff sets up an oral contract which he claims defendant violated, and it is admitted by latter's answer to have been entered into, and evidence thereof submitted without objection, held cannot be varied by parol.

## OHIO SUPREME COURT —Continued

MATTHIAS, J.

1. A writing in the form of a receipt, but which embodies a new obligation and purports to set out the purpose for which the money therein referred to is received, and the manner in which it is to be used, may consttute a written contract between the parties, though signed by one only, and the fact that a party not signing takes the same into his possession, control and custody tends to establish his assent to ts terms.

2. But where an issue is made by a claim upon the part of the plaintiff that an oral contract is entered into between the plaintiff and defendant, setting forth the terms thereof and the particulars in which he claims it was violated by defendant, the defendant by answer admitting that such oral contract was entered into by the parties but denying the terms therof as alleged by plaintiff, and upon trial of the issue, evidence is submitted by the parties without objection, to sustain their respective contentions, the defendant cannot thereafter raise the question that a certain instrument in writing, signed by him and delivered to the plaintiff, embraced the contract between the parties and cannot be enlarged, contradicted or explained by parol.

Judgment affirmed.

Wanamaker, Robinson, Jones, Day and Allen, JJ., concur.